UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        No. 96-73835

v.                                             District Judge John Corbett O'Meara
                                                     Magistrate Judge R. Steven Whalen

JUANITA B. NIX,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

On August 27, 1997, Plaintiff obtained a default judgment against Defendant Juanita B. Nix, in the amount of $4,839.54, based on an alleged student loan that was in default [Doc. #9]. On August 21, 2014, Ms. Nix filed a *pro se* motion (in the form of a letter) requesting a hearing challenging "the garnishment of my Social Security check." [Doc. #13]. On October 29, 2014, the request was referred to me pursuant to 28 U.S.C. § 636(b)(3). The hearing was held on December 2, 2014. For the reasons discussed below, I recommend that Ms. Nix's objection [Doc. #13] be DENIED.[1]

### I.    DISCUSSION

This case does not technically involve a garnishment, but rather an offset of Ms. Nix's monthly Social Security payment under the Treasury Offset Program ("TOP"). Of course, from Ms. Nix's perspective, the result is the same: 15% of her $917 per month

---

[1] Post-judgment objections to garnishment (or in this case, offsets) are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation. *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). *See also United States v. Jones*, 2012 WL 359719 (E.D. Mich. 2012).

Social Security money is taken out to satisfy the default judgment.

The TOP, 31 U.S.C. § 3717, *et seq.*, permits the United States Department of Treasury to offset "funds payable by the United States"from an individual who owes a delinquent federal debt. *See* 31 U.S.C. § 3701(a)(1). Under the TOP, the United States may offset Social Security benefits to collect student loan debts that have been outstanding for over 10 years. *Lockhart v. United States*, 546 U.S. 142 (2005); 31 U.S.C. § 3716(c)(3)(A)(i)(I). The Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* provides a vehicle for judicial review of federal agency decisions, including Department of Treasury decisions under the TOP. However, such judicial review under the APA is available only after "'an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule.'" *O'Connell v. Mills*, 2014 WL 354696 (E.D. Mich. 2014)(quoting *Darby v. Cisneros* 509 U.S. 137, 146 (1993)).

Ms. Nix has not pursued or exhausted administrative remedies available to her within the Department of Treasury. Therefore, the matter is not ripe for review by this Court. *O'Connell,* at *4.[2]

## II. CONCLUSION

For these reasons, I recommend that Defendant's objection to the offset of her Social Security funds [Doc. #13] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

---

[2] At the hearing, however, counsel for the United States agreed to provide Ms. Nix with appropriate forms and instructions for her to make a hardship claim pursuant to 31 U.S.C. § 3716(3)(A)(ii), which would protect the first $9,000 for year she receives in Social Security benefits.

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                    s/R. Steven Whalen
                                                                      R. STEVEN WHALEN
                                                                      UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2014


                                         CERTIFICATE OF SERVICE
I hereby certify that a copy of the foregoing document was sent to parties of record on December 12, 2014, electronically and/or by U.S. mail.

                                                       s/Carolyn M. Ciesla
                                                       Case Manager